IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FLUID DELIVERY SOLUTIONS, LLC  )
              )
      Plaintiff,  )  Civil Action No. __2:17-cv-04295__
              )
    v.         )
              )
CUNNINGHAM ENERGY, LLC.;   )
CUNNINGHAM OIL FIELD SERVICES, )
LLC; CUNNINGHAM ENERGY    )
PROJECT MANAGEMENT, LLC;
RAVEN RIDGE ENERGY, LLC

      Defendants.

## COMPLAINT

COMES NOW Plaintiff, Fluid Delivery Solutions, LLC ("Plaintiff" or "FDS"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and files this Complaint against Defendants, Cunningham Energy, LLC; Cunningham Oil Field Services, LLC; Cunningham Energy Project Management, LLC; and Raven Ridge Energy, LLC (collectively "Defendants" or "Cunningham"), stating as follows:

## PARTIES

1. Plaintiff FDS is a Texas corporation, with a principal place of business located at 6795 Corporation Parkway, Suite 200, Fort Worth, TX 76126.

2. FDS provides water management solutions, including water transfer services, above ground storage tanks, peroxymax water treatment, and water sourcing and exploration.

3. Defendants, Cunningham Energy, LLC; Cunningham Oil Field Services; Cunningham Energy Project Management, LLC; and Raven Ridge Energy, LLC are West Virginia corporations, with a principal place of business located at 3230 Pennsylvania Ave., Charleston, WV 25302.

4.     Cunningham Energy, LLC is an independent producer of oil and gas.

5.     Cunningham Oil Field Services, LLC also provides a variety of oilfield services and equipment.

6.     Cunningham Energy Project Management, LLC provides mining, quarrying, oil and gas extraction services.

7.     Raven Ridge Energy, LLC also provides mining, quarrying, oil and gas extraction services in the area.

8.     Ryan E. M. Cunningham directs operations for Cunningham Energy, LLC and Raven Ridge Energy, LLC.

9.     Ryan E. M. Cunningham is also the manager and organizer for Cunningham Energy Project Management, LLC.

10.     Cunningham Oil Field Services, LLC is a division of Cunningham Energy, LLC.

## JURISDICTION AND VENUE

11.     The United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

12.     Plaintiff is a Texas corporation with a principal place of business in Fort Worth, Texas and Defendants' are West Virginia corporations with principal places of business in Charleston, West Virginia.

13.     Further, the amount in controversy, exclusive of interest and costs, exceeds $75,000 because the total cost for the unpaid services FDS provided is $162,681.25.

14.     Venue is proper in this Court and district pursuant to 28 U.S.C. § 1391, because Defendants' conducts business in Charleston, West Virginia; and the breach of contract claim at issue in this case occurred in Charleston, West Virginia.

2

## FACTS

15.    On or around December 2016, FDS agreed to construct a waterline route for Cunningham.

16.    FDS provided these services to Cunningham in December 2016 and January 2017 and Cunningham agreed to pay for those services.

17.    On December 31, 2016, FDS sent an invoice for services in the amount of $65,718.57, (Invoice No. 19822) Exhibit "A".

18.    Subsequently, on January 14, 2017, FDS sent Cunningham an invoice in the amount of $56,819.68, (Invoice No. 20181) Exhibit "B".

19.    On January 21, 2017, FDS sent an invoice for services in the amount of $28,841.00, (Invoice No. 20182) Exhibit "C".

20.    Finally, FDS sent Cunningham an invoice for its services on January 31, 2017, in the amount of $16,302.00, (Invoice No. 20183) Exhibit "D".

21.    In sum, Cunningham owed FDS a total of $167,681.00 for the cost of its services.

22.    Each invoice clearly stated that payment was due within 30 days of receipt.

23.    Nevertheless, to date, FDS has only received $5,000.00 towards Invoice No. 19822.

24.    FDS has not received any additional payment from Cunningham for the remaining balance on Invoice No. 19822 or the other three invoices.

25.    To date, therefore, Cunningham continues to owe FDS $162,681.25 for services FDS performed.

26.    Moreover, on August 22, 2017, FDS sent Cunningham a letter notifying Cunningham about the amount overdue and requesting payment within seven days of the letter.

3

27.     Nevertheless, Cunningham failed to respond to FDS' request for payment and has failed to make any further payments.

### COUNT ONE: BREACH OF CONTRACT

28.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 27 as if fully restated herein.

29.     In or around December 2016, Cunningham agreed to pay FDS for the construction of a waterline route.

30.     During December 2016 and January 2017, FDS routinely sent invoices notifying Cunningham of the amount that it owed under the agreement, *see* Exhibit "A", "B", "C", "D".

31.     Despite owing FDS a total of $167,681.00 for its services, Cunningham has only paid FDS $5,000.00.

32.     By failing to pay FDS for its services as agreed, Cunningham has breached its agreement to pay FDS for services rendered.

33.     As a result of Cunningham's breach of its agreement to pay FDS for its services, FDS has suffered damages, including, but not limited to, monetary damages equivalent to the payments owed to FDS as outlined under the invoices, costs, and other categories of damages available under applicable law.

### COUNT TWO: UNJUST ENRICHMENT

34.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 33 as if fully restated herein.

35.     Although FDS has provided Cunningham with the services it requested, construction of a waterline route, Cunningham has retained the benefit of those services without compensating FDS as agreed.

36.    While the cost of FDS' services amounted to a sum of $167,681.00, Cunningham has only paid FDS $5,000.00 for its services.

37.    Cunningham has been unjustly enriched by receiving services from FDS, while failing to pay the amount of $162,681.25 it currently owes for those services.

38.    As a result of this unjust enrichment, FDS has expended time, labor, and materials for its services without receiving compensation, and has, therefore, suffered damages associated with this failure to pay. Additionally, FDS has incurred other damages, including attorney's fees, costs, and other categories of damages available under applicable law.

## COUNT THREE: QUANTUM MERUIT

39.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 as if fully restated herein.

40.    FDS provided services to Cunningham and Cunningham retained the benefit of those services.

41.    FDS incurred substantial cost and expense in providing those services and reasonably expected to be compensated for the services it provided.

42.    Moreover, it would be unjust for Cunningham to retain the benefit of the services FDS provided without providing FDS with the agreed-upon compensation for the services.

43.    Therefore, FDS is entitled to recover in quantum meruit the value of labor and equipment it furnished to perform the services requested by Cunningham.

## COUNT FOUR: PROMISSORY ESTOPPEL

44.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 43 as if fully restated herein.

5

45.     Cunningham made FDS a promise to pay for the waterline route FDS constructed at Cunningham's request.

46.     It was reasonable for FDS to expect payment from Cunningham for the services it provided, given that FDS incurred substantial time and expense in performing the services.

47.     Further, FDS relied on Cunningham's promise to reimburse it for the services provided.

48.     Unless the promise between Cunningham and FDS is enforced, FDS will suffer a substantial detriment.

49.     Therefore, the promise Cunningham made to pay for the services FDS provided must be enforced, since FDS incurred significant cost in reliance on Cunningham's promise to pay.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants for the causes of action stated herein, and award Plaintiff the damages and relief sought in conjunction therewith.

Respectfully submitted,

Dated:  November 8, 2017

 /s/ Daniel D. Fassio
Daniel D. Fassio, Esquire WV ID No. 11661
W. Scott Hardy, Esquire, WV ID No. 10957
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
daniel.fassio@ogletreedeakins.com
scott.hardy@ogletreedeakins.com
One PPG Place
Suite 1900
Pittsburgh, PA 15222
412.394.3333
412.232.1799 (fax)

Counsel for Plaintiff, Fluid Delivery
Solutions, LLC.